IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

**RECEIVED**

JUN 1 0 2009

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:09-cr-24 |
| Plaintiff, | ) | |
| | ) | **SUPERSEDING** |
| v. | ) | **INDICTMENT** |
| | ) | |
| FAZAL MEHMOOD, also known as Fazal | ) | 18 U.S.C., § 371 |
| Mehmood Awan, | ) | 18 U.S.C., § 1546 |
| VINEET MAHESHWARI, and | ) | 18 U.S.C., § 1001 |
| WORLDWIDE SOFTWARE SERVICES, INC., | ) | 18 U.S.C., § 1426 |
| | ) | 18 U.S.C., § 1341 |
| Defendants. | ) | 18 U.S.C., § 1343 |
| | ) | 42 U.S.C., § 408(a) |
| | ) | 18 U.S.C., § 981(a)(1), (6) |
| | ) | 28 U.S.C., § 2461(c) |
| | ) | 21 U.S.C., § 853 |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**(Conspiracy to commit crime)**

**A. INTRODUCTION**

At all times material to this Indictment:

1. The Employment and Training Administration (hereinafter "ETA") was an agency of

the United States established within the United States Department of Labor.

2. The "H-1B Specialty (professional) Workers" program allows an employer to

temporarily employ a foreign worker for a specific job in the United States on a non-immigrant

basis in a "specialty occupation". A specialty occupation requires the theoretical and practical

application of a body of specialized knowledge and a bachelor's degree or the equivalent in the

1

specific specialty.

3. Each employer seeking to employ an H-1B non-immigrant for a specific job is required to submit a completed Labor Condition Application (LCA) on form ETA 9035E to the ETA. The Labor Condition Application (LCA) requires the employer to make several attestations regarding the employer's responsibilities, including the wages, working conditions, and benefits to be provided to the non-immigrant.

4. In order to avoid displacing workers within the United States, the employer within the H-1B program is required to certify the wage rate, the work location, and the prevailing wage for the work location for the occupation for which the non-immigrant worker is being employed as part of the completion of the Labor Condition Application (LCA) on form ETA 9035E.

5. When an employer submits a prevailing wage certification for an employee within the H-1B program, the employer is required to submit the certification for the prevailing wage in the state where the employee will work.

6. In order to avoid displacing workers within the United States, the employer within the H-1B program must also inform United States workers of the intent to hire a foreign worker by posting the completed LCA for the position at each place of employment where any H-1B non-immigrant will be employed as part of the completion of a Labor Condition Application (LCA).

7. Upon submission of the Labor Condition Application (LCA) and receipt of the Department of Labor certification, the employer of an H-1B non-immigrant worker must also file a form I-129 with the U.S. Citizen and Immigration Service for the specific individual hired in connection with the particular certification.

8. An employer is not permitted to assess the foreign worker for any fees associated with

2

(a) the application for a labor certification, (b) the application for a visa, or (c) travel to the place of employment within the United States.

9.  Each employer seeking to relocate an H-1B non-immigrant worker under its employ is required to submit a completed Labor Condition Application (LCA) on form ETA 9035E to the ETA.  The employer must make several attestations on the Labor Condition Application (LCA) regarding the employer's responsibilities, including the wages, working conditions, and benefits to be provided to the non-immigrant.

10.  In order to avoid displacing workers within the United States, the employer seeking to relocate an H-1B non-immigrant worker under its employ is required to certify the wage rate, the work location, and the prevailing wage for the new work location for the occupation for which the non-immigrant worker is being employed as part of the completion of the Labor Condition Application (LCA) on form ETA 9035E.

11.  In order for a foreign worker present in the United States based upon an H1B visa to secure lawful permanent residence in the United States, a prospective employer first must file an ETA-9089/ETA-750 Application for Alien Employment Certification with the DOL, requesting certification on behalf of the alien employee specified in the application.

12.  If the application meets the requirements, the DOL will certify the ETA-9089/ETA-750 Application for Alien Employment Certification.  Following receipt of the certified ETA-9089/ETA-750 Application for Alien Employment Certification, the prospective employer must then submit an I-140 Immigrant Petition for Alien Worker to the U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services (USCIS) requesting that USCIS classify the alien as eligible to apply for designation within a Specialty Occupation.  A

3

prospective employer must attach the original ETA-9089/ETA-750 Application for Alien Employment to that petition.

13.     If USCIS grants an employer's I-140 Immigrant Petition for Alien Worker, the alien may then seek to obtain his or her "green card" and become a lawful permanent resident in the United States.

14.     Based on immigration regulations, if the ETA 750/ETA 9089 shows that the alien may have an ownership interest in a company, then DOL will issue a Notice of Findings and determine whether a bona fide job existed and whether it was open to U.S. workers. If the ownership interest is tantamount to self-employment, it does not constitute genuine employment under the regulations.  In these instances, the labor certification is barred.

15. Beginning in 1997 or earlier, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, and VINEET MAHESHWARI, resided in Clinton, Iowa and together they operated a business under the name of Worldwide Software Services, Inc.  This business employed "H1B specialty workers."

## B.  THE CONSPIRACY

From in or about 1996 and continuing through in or about February of 2009, and later, in Clinton County in the Southern District of Iowa, and elsewhere, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., an Iowa corporation, did knowingly combine, conspire, confederate and agree with others known and unknown to the grand jury to commit the following offenses against the United States:

1. To knowingly and willfully falsify by scheme and device a material fact in a matter

within the jurisdiction of the United States Department of Labor, in violation of 18 U.S.C. Section 1001;

2.  To knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to knowingly transmit and cause to be transmitted certain signs and signals for purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. Section 1343.

3.  To knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to knowingly use the United States Mail for the purpose of executing the scheme and artifice to defraud in violation of 18 U.S.C. Section 1341.

4.  To knowingly make under oath, and as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribe as true, false statements with respect to  material facts in applications and other documents required by the immigration laws or regulations prescribed thereunder, and knowingly present such applications and other documents which contain such false statements and which fail to contain any reasonable basis in law and fact, in violation of 18 U.S.C. Section 1546.

## *C.* MANNER AND MEANS OF THE CONSPIRACY



It was part of the conspiracy that:

1.  Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. (WWSS), and their co-conspirators and agents did cause to be submitted to the Employment and Training Administration (hereinafter "ETA"), an agency of the United States established within the United

5

States Department of Labor, numerous Labor Condition Applications (forms ETA 9035 and 9035E) for non-immigrant workers containing false representations as to the existence of such jobs and the work locations for the non-immigrant, foreign workers.

2. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, did cause to be submitted to the Department of Labor and U.S. Citizen and Immigration Services additional false documents, including forms falsely representing the residential address of numerous non-immigrant, foreign workers.

3. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, did fail to timely notify immigration officials that certain non-immigrant, foreign workers were no longer employed by WWSS and no longer employed at the location specified in the forms ETA 9035, I-129, and I-140 previously submitted by them as required by federal regulations.

4. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, did fail to pay the travel expenses of certain non-immigrant, foreign workers to return them to their country of origin as required by federal regulation after their temporary work assignment was completed.

5. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, did wrongfully displace U. S. workers.

6. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, did wrongfully assess one and more non-immigrant, foreign worker fees in connection with filing for and obtaining H1B visas, and for travel expenses, which fees and expenses were, by federal regulation, to be paid by the defendants.

6

## D.  OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, Defendants

MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, committed

and caused to be committed the following overt acts, among others, on or about the following

dates in the Southern District of Iowa and elsewhere:

1.  In 1996, Defendant FAZAL MEHMOOD, using the name Fazal Awan, while posing

as a lawful employer, when in fact he was an H1B visaholder working for Network Resource

Group, Inc., did file and cause to be filed with immigration officials, an I-129 petition to employ

Defendant VINEET MAHESHWARI at SANA SYSTEMS located at 419 South Second Street

in Clinton, Iowa.  That application represented falsely that Defendant VINEET MAHESHWARI

would be employed as a "marketing analyst" selling "internet provider in a box" when in fact

both defendants knew that Defendant MAHESHWARI would not be so employed.

2.  In order to satisfy the requirements of an H1B visa, Defendant VINEET

MAHESHWARI departed the United States with a plan to return and work with Defendant

FAZAL MEHMOOD, also known as Fazal Mehmood Awan, in Clinton, Iowa.

3.  On or about May 28, 1997, Defendant VINEET MAHESHWARI returned to the

United States based upon the false representation that he would be lawfully employed by FAZAL

MEHMOOD, also known as Fazal Mehmood Awan, at SANA SYSTEMS in Clinton, Iowa.

4.  On or about September 17, 1997, Defendant VINEET MAHESHWARI, while

supposedly working as a marketing analyst for SANA SYSTEMS under an H1B visa issued to

him for that exclusive employment, did prepare, and cause to be prepared, Articles of

Incorporation for a business named Worldwide Software Services, Inc. (WWSS) and, on and about that date, did file the Articles of Incorporation, and caused them to be filed, with the Secretary of State for the State of Iowa.

5. On or about September of 1997, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did file, and cause to be filed, an application for an EIN with the Internal Revenue Service.

6. In 1997 and later, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC.,and their co-conspirators and agents, did establish a business location at the same address as SANA SYSTEMS, at 419 South Second Street, Suite 407, in Clinton, Iowa.

7. On or about November 28, 2001, Defendants VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did file, and cause to be filed with U.S. immigration officials, a Form I-129 on behalf of Defendant FAZAL MEHMOOD, also known as Fazal Mehmood Awan (Mehmood), to obtain an H1B visa for Mehmood to work for WWSS as a programmer analyst in Fort Worth, Texas for the prevailing wage rate of $42,000 per year.

8. Between on or about January 18, 2002, and on or about November 19, 2007, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did prepare, file and cause to be filed, more than four-hundred LCA's indicating that WWSS had positions available for six-hundred and sixty-six (666) foreign workers many of

8

which were false in that the positions identified did not exist or were not in the location specified.

9.  On or about April 13, 2006, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did send by express mail from Clinton, Iowa, a Form I-129, Petition for a Nonimmigrant Worker, EAC0615252785, to the Vermont Service Center (VSC) to apply to an H1B visa for an individual from Pakistan.  The subject foreign worker entered the United States on or about December 8, 2006, to work in Clinton, Iowa. The Form I-129 was false in that it identified a position for this particular individual in Clinton, Iowa, when in fact the foreign worker did not work in Clinton, Iowa.

10.  On or about May 1, 2006, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did electronically file and cause to be filed a Form ETA 9035E which was assigned Case Number I-06121-2464023, with Department of Labor (DOL).  That LCA did claim that WWSS had a position in Napa, California, at a prevailing wage rate of $43,368 for the period October 30, 2006 to October 29, 2009.

11.  On or about May 5, 2006, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did send by express mail from Clinton, Iowa, a Form I-129, Petition for a Non-immigrant Worker, EAC0616352964, to the Vermont Service Center (VSC) to apply to an H1B visa for an individual from Pakistan.  The subject foreign worker entered the United States on or about January 12, 2007, to work in Clinton, Iowa, or Napa,

9

California, in accordance with the previously filed an approved ETA 9035E with Case Number I-06121-2464023. The Form I-129 was false in that it identified a position for this particular individual in Napa, California, or Clinton, Iowa, when in fact that defendants did not have a position for this foreign worker in Napa, California or Clinton, Iowa.

12. On or about May 17, 2006, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did electronically file and cause to be filed a Form ETA 9035E which was assigned Case Number I-06137-2522799, with Department of Labor (DOL). That LCA did claim that WWSS had one position for a non-immigrant foreign worker as a "computer programmer analyst" in Clinton, Iowa, at a prevailing wage rate of $36,379 for the period November 6, 2006 to November 5, 2009.

13. On or about May 31, 2006, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did electronically file Form ETA 9035E which was assigned Case Number I-06151-22594831 with Department of Labor (DOL). That LCA did claim that WWSS had a position in Clinton, Iowa at a prevailing wage rate of $36, 379 for the period October 2, 2006 to October 1, 2009.

14. On or about March 13, 2007, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did electronically file and cause to be filed four (4) Forms ETA 9035E which were assigned Case Numbers I-07072-3109613, I-07072-3109669, I-07072-3109709, I-07072-3109771, with Department of Labor (DOL). Each of these LCAs did

claim falsely that WWSS had three positions for a "programer analyst" in Austin, Texas,

Louisville, Kentucky, Omaha, Nebraska, and Des Moines, Iowa, respectively, at prevailing wage

rates of $46,051, $41,621, and $44,803, respectively, all for the period March 13, 2007 to March

12, 2010.



15.    On or about March 31, 2007, Defendants FAZAL MEHMOOD, also known as Fazal

Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES,

INC., and their co-conspirators and agents, did electronically file and cause to be filed nine (9)

Forms ETA 9035E, which were assigned Case Numbers I-07090-3345511, I-07090-3345533, I-

07090-3345541, I-07090-3345557, I-07090-3345569, I-07090-3345571, I-07090-3345585, I-

07090-3345601, I-07090-3345609, with Department of Labor (DOL).  Each of these LCAs did

claim falsely that WWSS had ten positions for a "programer/ applications analyst" in Clinton,

Iowa, for a total of ninety (90) positions, at a prevailing wage rate of $48,000, for the period

September 30, 2007 to September 30, 2010.

16.    On or about April 9, 2007, Defendants FAZAL MEHMOOD, also known as Fazal

Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES,

INC., and their co-conspirators and agents, did file and cause to be filed a false I-129, EAC 07-

131-50335, relating to the foreign worker identified in the previous paragraph.

17.    On or about April 16, 2008, Defendants FAZAL MEHMOOD, also known as Fazal

Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES,

INC., and their co-conspirators and agents, submitted a false I-140 petition,  LIN0814450654,

with respect to the foreign worker mentioned in the previous paragraph.  This petition falsely

stated that the work would be performed in Clinton, Iowa, and various unanticipated locations

throughout the United States, when the defendants well knew the non-immigrant foreign worker was working in California.

18.  On or about April 16, 2008, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, falsely certified on Form 9089 that the foreign worker referred to in the previous two paragraphs had been employed with Worldwide Software Services Inc, in Clinton, Iowa, from November 27, 2006 to April 16, 2008, when defendants well knew that his true work location was California.

19.  On or about November of 2008, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, did submit a false petition, WAC0703852568,  to change conditions of employment and extend the H1B status of a nonimmigrant, foreign worker from India, indicating a work location in Clinton, Iowa.  The document was false because the nonimmigrant, foreign worker did not ever work in Clinton, Iowa, but instead worked in California.

This is a violation of Title 18, United States Code, Section 371.


**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2
### (Misuse of Social Security Card)

From on or about November 6, 1990, until November 30, 2005, and later, in Clinton County in the Southern District of Iowa, and elsewhere, the defendant, FAZAL MEHMOOD,

also known as Fazal Mehmood Awan, did knowingly, willfully, and with intent to deceive, use a

social security account number, that is XXX-XX-6505, assigned by the Commissioner of Social

Security on the basis of false information furnished to the Commissioner of Social Security by

him.

This is a violation of Title 42, United States Code, Section 408(a)(7)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 3**
**(Making a False Record)**

On or about on July 31, 2000, in Clinton County within the Southern District of Iowa, the

defendant,  FAZAL MEHMOOD, also known as Fazal Mehmood Awan, did knowingly and

falsely make a record and paper required or authorized by law relating to registry of aliens, by

submitting a false I-129, Petition for a Non-immigrant Worker, seeking an H1B visa for a

Pakistani national, and indicating falsely that the person would be employed by Sana Systems as

a programmer analyst from October 1, 2003 to June 30, 2006.

This is a violation of Title 18, United States Code, Section 1426(a).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 4**
**(Making a False Record)**

On or about on July 8, 2003, in Clinton County within the Southern District of Iowa, the

defendant, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, did knowingly and falsely make a record and paper required or authorized by law relating to registry of aliens, by submitting a false Form I-129, Petition for a Non-immigrant Worker, for a non-immigrant visa-holder and a letter dated June 30, 2003, stating falsely that the visa-holder had "been working extensively in the area of network support, system and software development...." and representing falsely that from "October 2001 to Present" the visa-holder had worked as a "Network and System Administrator" for Sana Systems, a business, in Clinton, Iowa.

This is a violation of Title 18, United States Code, Section 1426(a).


**THE GRAND JURY FURTHER CHARGES:**


### COUNT 5
### (Making a False Record)

On or about on December 31, 2003, in Clinton County within the Southern District of Iowa, the defendant, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, did knowingly and falsely make a record and paper required or authorized by law relating to registry of aliens by submitting a false letter dated December 31, 2003, stating falsely that a visa-holder "went for a vacation and has not reported back to us for a long time" and "[w]e believe he either has transferred to another company or has returned to his home country."

This is a violation of Title 18, United States Code, Section 1426(a).

14

**THE GRAND JURY FURTHER CHARGES:**

## COUNTS 6 through 10
### (18 U.S.C. Section 1343 - Wire Fraud)

### A.  INTRODUCTION

The grand jury re-alleges paragraphs one through fourteen of the introduction to Count One of this Indictment as fully set forth herein.

### B.  THE SCHEME AND ARTIFICE TO DEFRAUD

From on or about September of 1997 and continuing through on or about February of 2009, in Clinton County in the Southern District of Iowa, and elsewhere, Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan (Mehmood), VINEET MAHESHWARI (Maheshwari), and WORLDWIDE SOFTWARE SERVICES, INC. (WWSS), and their co-conspirators and agents, aided and abetted by others known and unknown to the grand jury did knowingly execute and attempt to execute a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, including the concealment of material facts.

### C.  THE MANNER AND MEANS

It was part of the scheme and artifice to defraud that:

1.  Defendants FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, caused to be submitted to the Employment and Training Administration (hereinafter "ETA"), an agency of the United States established within the United States Department of

15

Labor, numerous Labor Condition Applications (forms ETA 9035 and 9035E) for non-immigrant workers containing false representations as to the existence of such jobs and the work locations for the non-immigrant, foreign workers.

2. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, caused to be submitted to the Department of Labor and U.S. Citizen and Immigration Services additional false documents, including forms falsely representing the residential address of numerous non-immigrant, foreign workers.

3. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, failed to timely notify immigration officials that certain non-immigrant, foreign workers were no longer employed by WWSS and no longer employed at the location specified in the forms ETA 9035, I-129, and I-140 previously submitted by them as required by federal regulations.

4. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, failed to pay the travel expenses of certain non-immigrant, foreign workers to return them to their country of origin as required by federal regulation after their temporary work assignment was completed.

5. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, wrongfully displaced U. S. workers.

6. Defendants MEHMOOD, MAHESHWARI, and WWSS, and their co-conspirators and agents, wrongfully assessed one and more non-immigrant, foreign workers fees in connection with filing for and obtaining H1B visas, and for travel expenses, which fees and expenses were, by federal regulation, to be paid by the defendants.

16

## D. EXECUTION OF THE SCHEME AND ARTIFICE

In Clinton County in the Southern District of Iowa and elsewhere, Defendant FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, aided and abetted by others known and unknown to the grand jury for the purposes of executing the aforesaid artifice and scheme to defraud and intending to do so, and for obtaining money and property under the custody and control of another by means of materially false and fraudulent pretenses, representations and promises did commit or cause to commit the following acts:

Count 6:  On or about May 1, 2006, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, aided and abetted by each other and by others, did cause an ETA 9035E, assigned case number I-06121-2464023, to be sent by e-mail to the Employment and Training Administration, an agency of the United States established within the United States Department of Labor.

Count 7:  On or about May 17, 2006, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, aided and abetted by each other and by others, did cause an ETA 9035E, assigned case number I-06137-2522799, to be sent by e-mail to the Employment and Training Administration, an agency of the United States established within the United States Department of Labor.

Count 8: On or about May 31, 2006, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE

17

SERVICES, INC., and their co-conspirators and agents, aided and abetted by each other and by others, did cause an ETA 9035E, assigned case number I-06151-2594831, to be sent by e-mail to the Employment and Training Administration, an agency of the United States established within the United States Department of Labor.

Count 9: On or about March 13, 2007, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, aided and abetted by each other and by others, did cause four (4) Forms ETA 9035E, assigned numbers I-07072-3109613, I-07072-3109669, I-07072-3109709, and I-07072-3109771, to be sent by e-mail to the Employment and Training Administration, an agency of the United States established within the United States Department of Labor.

Count 10:  On or about March 31, 2007, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., and their co-conspirators and agents, aided and abetted by each other and by others, did cause nine (9) false Forms ETA 9035E, numbers I-07090-3345511, I-07090-3345533, I-07090-3345541, I-07090-3345557, I-07090-3345569, I-07090-3345571, I-07090-3345585, I-07090-3345601, I-07090-3345609, to be sent by e-mail to the Employment and Training Administration, an agency of the United States established within the United States Department of Labor.

These are violations of Title 18, United States Code, Sections 1343 and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 11
**(18 U.S.C. Section 1546 - False Statement in Immigration Matter)**

On or about the April 13, 2006, in Clinton County in the Southern District of Iowa, and

elsewhere, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET

MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., did knowingly make

under oath, and knowingly subscribe as true under penalty of perjury under 28 U.S.C. 1746, a

false statement with respect to a material fact in an application and other document required by

the immigration laws or regulations prescribed thereunder, to wit, an I-129, Petition for

nonimmigrant worker, EAC0615252785, that is, the document falsely claimed that the worker

was hired to work at a position in Clinton, Iowa, which said statement the defendants then and

there knew was false, in that the nonimmigrant, foreign worker was hired to work in California.

This is a violation of Title 18, United States Code, Sections 1546(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 12
**(18 U.S.C. Section 1546 - False Statement in Immigration Matter)**

On or about the May 5, 2006, in Clinton County in the Southern District of Iowa, and

elsewhere, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET

MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., did knowingly make, or

cause to be made, under oath, and knowingly subscribe, or caused to be subscribed, as true under

19

penalty of perjury under 28 U.S.C. 1746, a false statement with respect to a material fact in an application and other document required by the immigration laws or regulations prescribed thereunder, to wit, an I-129, Petition for nonimmigrant worker, EAC0616352964, that is, the document falsely claimed that the worker was hired to work at a position in Napa, California and Clinton, Iowa, which said statement the defendants then and there knew was false, in that the nonimmigrant, foreign worker was hired to work in Illinois.

This is a violation of Title 18, United States Code, Sections 1546(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 13
### (18 U.S.C. Section 1546 - False Statement in Immigration Matter)

On or about the June 6, 2006, in Clinton County in the Southern District of Iowa, and elsewhere, defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., did knowingly make, and cause to be made, under oath, and knowingly subscribe, and caused to be subscribed, as true under penalty of perjury under 28 U.S.C. 1746, a false statement with respect to a material fact in an application and other document required by the immigration laws or regulations prescribed thereunder, to wit, an I-129, Petition for nonimmigrant worker, EAC0618153516, that is, the document falsely claimed that the worker was hired to work as a computer programmer, which said statement the defendants then and there knew was false, in that the nonimmigrant, foreign

worker was employed by them as an office clerk.

This is a violation of Title 18, United States Code, Sections 1546(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 14**
**Allegation of Forfeiture**
**(18 U.S.C. § 982(a)(6))**

**A. INTRODUCTION.** Pursuant to Title 18, United States Code, Section 982(a)(6), upon conviction of one or more of the offenses set forth in Counts 1, 11, 12, and 13 defendants, FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., shall, respectively, forfeit to the United States the following property:

1. **OVERVIEW - ASSETS TO BE FORFEITED.** All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1546, for which the defendants were convicted and all property traceable to such property and such offenses, including the following:

(a) any property real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted; and

(b) any real and personal property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the defendants are convicted.

(c) all property used in any manner or part to commit or facilitate the commission of those violations.

2. **MONEY JUDGMENT.** A sum of money equal to the total amount of money involved in each offense for which the defendants were convicted. If more than one defendant is convicted of a violation of Section 1546 and a conspiracy to commit such an offense, the defendants so convicted shall be jointly and severally liable for the amount involved in each such offense.

**B. SUBSTITUTE ASSETS.** Pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value described in paragraph A, if, by any act or omission, or any portion thereof, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty.

**C. SPECIFIC ASSETS SUBJECT TO FORFEITURE.** The property subject to forfeiture as property traceable to, and property involved in, the visa fraud offenses, or as substitute assets, includes but is not limited to the following:

1. The interest(s) of Fazal Mehmood, also known as Fazal Mehmood Awan, and Uzma Amin, in the real property, and buildings and appurtenances thereto, located at 258 Cragmor Drive, Clinton, Iowa;

2. The interest(s) of Vineet Maheshwari and Shelly Maheshwari, in the real property, and buildings and appurtenances thereto, located at 1001 Second Avenue North, Clinton, Iowa;

3. Accounts at Clinton National Bank located at 235 6th Avenue, Clinton, Iowa and any account that receives funds from these accounts:

    a.    Account No. 00001099135 - Certificate of Deposit;

b.      Account No. 00001099137 - Certificate of Deposit;

c.      Account No. 00001099238 - Certificate of Deposit;

d.      Account No. 00010900006 - Certificate of Deposit;

e.      Account No. 00010900007 - Certificate of Deposit;

f.      Account No. 00010900008 - Certificate of Deposit;

g.      Account No. 00000145165 - Commercial Checking Account for Sana Systems;

h.      Account No. 00000146234- Commercial Checking Account for Worldwide Software Service;

i.      Account No. 00000382965 - E-Vantage (checking) NOW Acct;

j.      Account No. 00063847879 - E-Vantage (checking) NOW Acct;

k.      Account No. 00067022249 - E-Vantage (checking) NOW Acct;

l.      Account No. 00067025986 - E-Vantage (checking) NOW Acct;

m.      Account No. 00067030909 - E-Vantage (checking) NOW Acct;

n.      Account No. 852007 - E-Vantage (checking) NOW Account;

o.      Account No. 591696 - E-Vantage (checking) NOW Account;

p.      Account No. 17050400 - Worldwide Software Trust Account;

q.      Account in the name of Worldwide Investment Co. LLC.

r.      Account No. 1099138 - Certificate of Deposit;

23

      s.      Account No. 1099139 - Certificate of Deposit;

      t.      Account No. 1099931 - Certificate of Deposit;;

      u.      Account No. 10900005 - Certificate of Deposit;

4.      All accounts at First Gateway Credit Union in Clinton, Iowa in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age Technology Group.

5.      All accounts at US Bank in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age Technology Group.

6.      All accounts at Members Choice Community Credit Union, Clinton, Iowa in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC, and/or New Age Technology Group.

7.      All accounts at American Bank & Trust Company in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age Technology Group.

8.      Any and all accounts at the Wells Fargo Bank in the names of Fazal Awan, Fazal Mehmood, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC, and/or New Age Technology Group.

9.      The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC., in the Shahana Hospitality Group.

10.     The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC. in Mava Enterprises.

11.     The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC. in 53rd Street Real Estate, LLC.

12.     The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC. in New Age Technology Group.

13.     The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC. in Worldwide Investment Co.
        LLC.

14.     The interest(s) of FAZAL MEHMOOD, also known as Fazal
        Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE
        SOFTWARE SERVICES, INC. in the real property identified as
        25 Kingsbridge Garden Circle, Unit 1518, Mississauga, Ontario,
        Canada.

All in accordance with Title 18, United States Code, Section 982(a)(6), and Rule

32.2(a) of the Federal Rules of Criminal Procedure.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 15
#### SECOND ALLEGATION OF FORFEITURE
#### (18 U.S.C. § 981(a)(1) & 28 U.S.C. § 2461(C))

A. **INTRODUCTION.** Pursuant to Title 18, United States Code, Section 981(a)(1),

and Title 28, United States Code, § 2461(c),  upon conviction of one or more of the offenses set

forth in Counts 1,6, 7, 8, 9, and 10,  defendants, FAZAL MEHMOOD, also known as Fazal

Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES,

INC., shall, respectively, forfeit to the United States the following property:

    1.      **OVERVIEW - ASSETS TO BE FORFEITED.**  All right, title, and

interest in any and all property involved in each offense in violation of Title 18, United States

Code, Section 371, and 1343, for which the defendants were convicted including all property

traceable to such property,  and all property traceable to such violations, including the following:

> (a) all money and other property that was the subject of each of the transactions that the defendants conducted or conspired to conduct in violation of Sections 1343;

> (b) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and

> (c) all property used in any manner or part to commit or facilitate the commission of those violations.

    2.      **MONEY JUDGMENT.**  A sum of money equal to the total amount of

money involved in each offense for which the defendants were convicted.  If more than one

defendant is convicted of a violation of Sections 371 and 1343, the defendants so convicted shall

be jointly and severally liable for the amount involved in each such offense.

    B.  **SUBSTITUTE ASSETS.**  Pursuant to Title 21, United States Code, Section

853(p) as incorporated by Title 18, United States Code, Section 981 and Title 28, United States

Code, § 2461, each defendant shall forfeit substitute property, up to the value described in

paragraph A, if, by any act or omission, or any portion thereof, cannot be located upon the

exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been

26

placed beyond the jurisdiction of the court, has been substantially diminished in value, or has

been commingled with other property which cannot be divided without difficulty.

C. **SPECIFIC ASSETS SUBJECT TO FORFEITURE.** The property subject to

forfeiture as property traceable to, and property involved in, the mail fraud and conspiracy

offenses, or as substitute assets, includes but is not limited to the following:

1.  The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, in the real property, and buildings and appurtenances thereto, located at 258 Cragmor Drive in Clinton, Iowa;

2.  The interest(s) of Vineet Maheshwari and Shelly Maheshwari, in the real property, and buildings and appurtenances thereto, located at 1001 Second Avenue North, Clinton, Iowa;

3.  Accounts at Clinton National Bank located at 235 6th Avenue, Clinton, Iowa and any account that receives funds from these accounts:

    a.  Account No. 00001099135 - Certificate of Deposit;

    b.  Account No. 00001099137 - Certificate of Deposit;

    c.  Account No. 00001099238 - Certificate of Deposit;

    d.  Account No. 00010900006 - Certificate of Deposit;

    e.  Account No. 00010900007 - Certificate of Deposit;

    f.  Account No. 00010900008 - Certificate of Deposit;

    g.  Account No. 00000145165 - Commercial Checking Account for Sana Systems;

    h.  Account No. 00000146234- Commercial Checking Account for Worldwide Software Service;

    i.  Account No. 00000382965 - E-Vantage (checking) NOW Acct;

j.      Account No. 00063847879 - E-Vantage (checking) NOW
        Acct;

k.      Account No. 00067022249 - E-Vantage (checking) NOW
        Acct;

l.      Account No. 00067025986 - E-Vantage (checking) NOW
        Acct;

m.      Account No. 00067030909 - E-Vantage (checking) NOW
        Acct;

n.      Account No. 852007 - E-Vantage (checking) NOW
        Account;

o.      Account No. 591696 - E-Vantage (checking) NOW
        Account;

p.      Account No. 17050400 - Worldwide Software Trust
        Account;

q.      Account in the name of Worldwide Investment Co. LLC.

r.      Account No. 1099138 - Certificate of Deposit;

s.      Account No. 1099139 - Certificate of Deposit;

t.      Account No. 1099931 - Certificate of Deposit;

u.      Account No. 10900005 - Certificate of Deposit;

4.    All accounts at First Gateway Credit Union in Clinton, Iowa in the
      names of or accessed by Fazal Mehmood also known as Fazal
      Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly
      Maheshwari, Worldwide Software Services, Inc., Sana Systems,
      Worldwide Investment Co. LLC, Shahana Hospitality Group,
      Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age
      Technology Group.

5.    All accounts at US Bank in the names of or accessed by Fazal
      Mehmood also known as Fazal Mehmood Awan, Vineet
      Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide

Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age Technology Group.

6.     All accounts at Members Choice Community Credit Union, Clinton, Iowa in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC, and/or New Age Technology Group.

7.     All accounts at American Bank & Trust Company in the names of or accessed by Fazal Mehmood also known as Fazal Mehmood Awan, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Inc., Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC,  and/or New Age Technology Group.

8.     Any and all accounts at the Wells Fargo Bank in the names of Fazal Awan, Fazal Mehmood, Vineet Maheshwari, Uzma Amin, Shelly Maheshwari, Worldwide Software Services, Sana Systems, Worldwide Investment Co. LLC, Shahana Hospitality Group, Mava Enterprises, 53rd Street Real Estate, LLC, and/or New Age Technology Group.

9.     The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC., in the Shahana Hospitality Group.

10.     The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. in Mava Enterprises.

11.     The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. in 53rd Street Real Estate, LLC.

12.     The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. in New Age Technology Group.

13.   The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. in Worldwide Investment Co. LLC.

14.   The interest(s) of FAZAL MEHMOOD, also known as Fazal Mehmood Awan, VINEET MAHESHWARI, and WORLDWIDE SOFTWARE SERVICES, INC. in the real property identified as 25 Kingsbridge Garden Circle, Unit 1518, Mississauga, Ontario, Canada.

All in accordance with Title 18, United States Code, Section 981(a)(1), Title 28

United States Code, Section 2461(c), Title 21, United States Code, Section 853, and Rule 32.2(a)

of the Federal Rules of Criminal Procedure.


**A TRUE BILL.**


_____
FOREPERSON


Matthew G. Whitaker
United States Attorney


By:      /s/_____
         Clifford R. Cronk III
         Assistant United States Attorney